UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                    Case No. 3:13-cr-106

        Plaintiff,

v.                                                           MEMORANDUM OPINION
                                                             AND ORDER

Robert R. Lehman,

        Defendant.

## I.    INTRODUCTION AND BACKGROUND

Defendant Robert R. Lehman, an inmate at Federal Correctional Complex – Milan in Milan, Michigan, seeks an order reducing his sentence to time served and providing for his immediate release from custody to home confinement. (Doc. No. 24). The government filed a brief in opposition. (Doc. No. 30). Lehman file a reply brief. (Doc. No. 31).

In February 2013, Lehman was indicted on one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). (Doc. No. 8). Lehman pled guilty to these offenses. After considering the arguments of counsel and the factors set forth in 18 U.S.C. § 3553(a), I granted Lehman a substantial downward variance from his Guideline range of 360 to 480 months for Counts One and Two and sentenced him to 290 months in prison and a life term of supervised release for Counts One and

Two, to be served concurrently.[1] (Doc. No. 20). Lehman did not appeal his sentence and is currently scheduled to be released on September 5, 2033.

On November 6, 2020, Lehman filed a motion to appoint counsel to help him pursue compassionate release in light of the COVID-19 pandemic. (Doc. No. 21). I granted his motion. Lehman's appointed counsel has now moved to reduce Lehman's sentence under 18 U.S.C. § 3582(c)(1). (Doc. No. 24). In support of his motion, Lehman cites his age, congestive heart failure, chronic kidney disease, coronary artery disease, type 2 diabetes, obesity, high blood pressure, arthritis, and COPD, which increase his risk of severe illness if he were to contract COVID-19. Lehman also claims he has had an exemplary record while incarcerated.

## II.   ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

Prior to filing his motion for compassionate release, Lehman requested relief from the Warden, who denied his request. (Doc. No. 24-1). Therefore, the exhaustion requirement is satisfied.

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction

---

[1] I also sentenced Lehman to 240 months in prison with a life term of supervised release for Count Three, to be served concurrently with his sentences for Counts One and Two. (Doc. No. 20).

2

is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)); *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

In this case, I cannot conclude a modified sentence would serve the purposes of § 3553(a). 18 U.S.C. § 3553. Lehman was sentenced to 290 months imprisonment after pleading guilty to one count each of receipt, possession, and distribution of child pornography. As the Attorney General stated in his original memorandum authorizing the transfer to home confinement of "some at-risk inmates who are non-violent and pose minimal likelihood of recidivism," "[s]ome offenses, such as sex offenses, will render an inmate <u>ineligible for home detention</u>."[2] Not only are the instant offense sex offenses, his sentence was so great, in part, because of his criminal history of sex-offense convictions. Because of this, I find Lehman is not eligible for home confinement.

I commend Lehman for his successful institutional adjustment including remaining infraction free and thriving at his UNICOR job and acknowledge that he may be at increased risk of severe illness if he were to contract COVID-19. But as I stated during the sentencing hearing, "290 months may very well be a life sentence. If it is, so be it. That's the price that you pay for undertaking this behavior at your age and with your criminal history." (Doc. No. 27 at 51). Lehman has served less than half of his 290-month sentence, is not eligible for home confinement, and has not shown a reduced sentence would be sufficient to comply with the § 3553(a) purposes of sentencing and attendant factors, including the nature and circumstances of the offense of

---

[2] Attorney General William P. Barr, Memorandum for Director of Bureau of Prisons, Re: Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic, Office of the Attorney General (Mar. 26, 2020) at 2 (emphasis added).

conviction, his criminal history, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and to protect the public from future criminal behavior. 18 U.S.C. § 3553(a)(1)-(2).

Even if extraordinary and compelling reasons warranted a reduction, the § 3553(a) factors do not support such a reduction. Therefore, compassionate release must be denied.

### III.   CONCLUSION

For the foregoing reasons, Lehman's motion for compassionate release is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
